[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15040
Non-Argument Calendar
_____

D.C. Docket No. 5:11-cv-03835-RDP-JHE


WAYNE BLACK,

Plaintiff-Appellant,

versus


ALABAMA DEPARTMENT OF CORRECTIONS, et al.,

Defendants,

COMMISSIONER, ALABAMA DEPARTMENT OF CORRECTIONS,
BLOUGH,
Doctor,
MEAN,
Nurse,
HUNT,
Nurse,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(August 18, 2014)

Before HULL, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

In this 42 U.S.C. § 1983 action, Wayne Black, an Alabama prisoner, pro se appeals the district court's grant of summary judgment in favor of the defendants, the Commissioner of the Alabama Department of Corrections ("DOC") and medical personnel at Limestone Correctional Facility ("Limestone"). Black's complaint alleged an Eighth Amendment claim of deliberate indifference to his serious medical need, Hepatitis C. After review, we affirm.[1]

In granting summary judgment, the district court did not err because Black failed to present any evidence that the defendants were deliberately indifferent to his Hepatitis C. To show that the defendants acted with "deliberate indifference," Black had to present evidence from which a jury reasonably could conclude that the defendants knowingly disregarded a risk of serious harm by conduct that was more than gross negligence. See Townsend v. Jefferson Cnty., 601 F.3d 1152,

_____

[1]We review de novo a district court's grant of summary judgment, viewing the evidence in the light most favorable to the non-moving party. Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1270 (11th Cir. 2011). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

1158 (11th Cir. 2010) (explaining that deliberate indifference requires proof of "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence" (quotation marks and brackets omitted)).

Hepatitis C is an infectious disease that primarily affects the liver. Although Hepatitis C often has no symptoms, chronic infection can lead to liver damage, cirrhosis, liver cancer, and liver failure. The parties do not dispute that Black's Hepatitis C is a serious medical need.

In Black's case, however, it is also undisputed that Black received regular care and close monitoring of his Hepatitis C. The Alabama DOC policy, adopted from the Federal Bureau of Prisons, sets forth criteria inmates must satisfy for placement in its Hepatitis C Treatment Program, in which inmates are considered for antiviral drug treatment. The policy prioritizes referral of inmates for antiviral drug treatment based on lab results. The medical staff at Limestone's Chronic Care Clinic routinely monitored Black's lab results to determine if he was a candidate for the program. Black's periodic liver function and liver enzyme test results were in the normal range and indicated that his condition was stable. Black's stable condition made him ineligible for placement in the Hepatitis C Treatment Program. Meanwhile, Limestone's medical staff continued to monitor Black and treated his symptoms, some which were unrelated to his Hepatitis C.

3

In particular, in September 2011, shortly after being transferred to Limestone, Black was examined for complaints of abdominal and rectal pain, and the examination yielded normal results.  In October 2011, Black received several tests to monitor his Hepatitis C, but none of the results showed any developing problems with regard to the virus.  At that time, Black's AST-To-Platelet Ratio Index (APRI) and absolute neutrophil count (ANC) levels were stable and within the normal range, and his liver showed no signs of cirrhosis.

In June 2012, Black again complained of discomfort in his abdomen, nausea, vomiting, and constipation.  Black was examined and received a kidney, ureter, and bladder (KUB) x-ray, which was normal.  Black's most recent tests in July 2013 showed that his APRI and ANC scores remained within normal limits.

Throughout, Black received regular care and monitoring for his Hepatitis C and medication for his symptoms, such as Lactulose to manage his blood ammonia levels.  Black's condition remained stable, and he never had medical issues requiring immediate admission to the Hepatitis C Treatment Program.  Moreover, Black did not suffer any negative health consequences from not being in the Hepatitis C Treatment Program.[2]

---

[2]In the district court, Black submitted a "Rebuttal" but that "Rebuttal" was not sworn or made under penalty of perjury, as required by 28 U.S.C. § 1746, and thus cannot create a factual dispute for summary judgment purposes.  See Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980) (explaining that unsworn statements, even by pro se parties, should not be "consider[ed] in determining the propriety of summary judgment").

Contrary to Black's claims, this is not a case of denied or delayed treatment. Rather, the record establishes that Black received treatment for his Hepatitis C. Moreover, given the undisputed facts, no reasonable jury could conclude that the defendants, in treating Black, knowingly disregarded a serious risk of harm to him or that the treatment given amounted to more than gross negligence. See Townsend, 601 F.3d at 1158.

To the extent Black contends the defendants should have placed him in the Hepatitis C Treatment Program, a mere disagreement between an inmate and the prison's medical staff as to the course of treatment does not establish deliberate indifference. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Because Black's condition was stable, and he did not suffer any negative health consequences by continuing to receive care at Limestone's Chronic Care Clinic, a jury could not reasonably conclude that the failure to put Black in the Hepatitis C Treatment Program was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." See id. (quotation marks omitted). [3]

---

[3]In December 2011, Nurse Debra Means at Limestone completed a Hepatitis C Treatment Referral Form on Black's behalf and faxed it to the Alabama DOC, the first step to be considered for placement in the Hepatitis C Treatment Program. Although the Alabama DOC did not receive the faxed referral form, Dr. Hugh Hood averred that, had the referral form been received, Black would have been deemed ineligible for the program at that time because of his normal lab results. Further, on July 29, 2013, Limestone medical staff submitted a second referral form for Black, which was under review while this action was pending in the district court.

For all of these reasons, the district court properly granted summary

judgment in favor of the defendants on Black's Eighth Amendment claim.[4]

**AFFIRMED.**

---

[4]On appeal, Black does not challenge the district court's dismissal without prejudice of his state law claims or his claims against Billy Mitchem, the former Warden at Limestone. Accordingly, these claims are abandoned.  See Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).